SAMUEL M. SMITH, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 24, 1907.

PASSENGER CARRIERS: Negligence: Pleading: Enlarging Issues: Instruction. A petition counted on moving a car forward with great suddenness while the passenger was on the footboard and in starting it at all until he had reached a place of safety. An instruction permitted a recovery on either of two hypotheses, to-wit: the starting of the car or increasing its speed with a sudden jerk. *Held*, the instruction enlarged the issues and was error, which was not cured by a proper instruction for the defendant.

Appeal from Jackson Circuit Court.—*Hon. William B. Teasdale*, Judge.

REVERSED AND REMANDED.

*John H. Lucas, Ben T. Hardin* and *H. H. McCluer* for appellant.

(1) The court erred in refusing the instructions, in the nature of a demurrer to the evidence, offered at

the close of plaintiff's case, and again at the close of all the evidence. Smart v. Kansas City, 91 Mo. App. 592; Bartley v. Railway, 148 Mo. 140; Smith v. Bank, 99 Mass. 612; Shields v. Railway, 87 Mo. App. 646; Neville v. Bridge Co., 158 Mo. 318. (2) The court erred in giving instructions 1, 2, 3 and 4, and each of them asked by the plaintiff. 1st: Instruction No. one. Authorities under point one: Heinzle v. Railway, 182 Mo. 528; Koenig v. Railway, 173 Mo. 698; Pryor v. Railway, 85 Mo. App. 377; Belt v. Goode, 31 Mo. 128. 2nd: Instruction Two. Authorities under instruction one. 3rd: Instruction Four. Thompson v. Railroad, 111 Mo. App. 476; Coontz v. Railway, 115 Mo. 674; Slaughter v. Railroad, 116 Mo. 276; Duke v. Railway, 99 Mo. 347; Pryor v. Railway, 85 Mo. App. 374.

*Joseph A. Guthrie* for respondent.

(1) The demurrer to the evidence was properly overruled. Grace v. Railway, 156 Mo. 295; Barth v. Railway, 142 Mo. 536; Eikenberry v. Transit Co., 103 Mo. App. 442; Brock v. Transit Co., 107 Mo. App. 115; McNamara v. Transit Co., 106 Mo. App. 349; Stoddard v. Railroad, 105 Mo. App. 512; Duffy v. Transit Co., 104 Mo. App. 235; Maguire v. Transit Co., 103 Mo. App. 467; Lehner v. Railway, 110 Mo. App. 218. (2) The court did not err in giving instructions 1, 2, 3 and 4, at request of plaintiff. (1) Instruction numbered 1 was proper. Ridenhour v. Railway, 102 Mo. 283; Sackewitz v. Manufacturing Co., 78 Mo. App. 155; Riska v. Depot Co., 180 Mo. 193; Haughey Livery & Undertaking Co. v. Joyce, 41 Mo. App. 569; Loe v. Railway, 57 Mo. App. 357; Abbitt v. Transit Co., 106 Mo. App. 644; Heyde v. Transit Co., 102 Mo. App. 539. (2) Instruction numbered 2 was proper. Eikenberry v. Transit Co., 103 Mo. App. 442; O'Mara v. Transit Co., 102 Mo. App. 207; Barth v. Railway, 142 Mo. 536; Ridenhour v. Rail-

way, 102 Mo. 284; Maguire v. Transit Co., 103 Mo. App. 475; Brock v. Transit Co., 107 Mo. App. 115; Sweeney v. Railway, 150 Mo. 389. (3) Instruction numbered 4 was proper. Loe v. Railway, 57 Mo. App. 356; Mellor v. Railway, 105 Mo. 464; Mabrey v. Gravel Road Co., 92 Mo. App. 602; Britton v. St. Louis, 120 Mo. 446; Dunn v. Railway, 81 Mo. App. 44; Griveaud v. Railway, 33 Mo. App. 465; Curtis v. McNair, 173 Mo. 290; Grady v. Transit Co., 102 Mo. App. 214.

ELLISON, J.—Plaintiff brought this action to recover damages for injuries received while a passenger on one of defendant's cable street railway cars. He recovered judgment in the trial court.

The petition states that the car stopped for passengers and plaintiff got upon the "footboard" of the grip car. It then states the construction of such grip car with great particularity. It is drawn rather out of the ordinary way. After stating the duties of the gripman and that he was in control of the movement of the car by means of the grip and levers and brakes, it is then stated that "he negligently and carelessly caused said car to move forward with a great and sudden jerk thereby throwing plaintiff off of said footboard," whereby his leg was broken, etc. It then proceeds to state the extent of his injury, his suffering and pain, his expenses, his loss of time and abandonment of business, etc. It then, in a somewhat disconnected way, recurs to the matter of negligence and states the aforesaid injuries resulted from "defendant's negligence in the following particulars, that is to say: In causing said car while plaintiff was upon said footboard to move forward with great suddenness and with a jerk, instead of slowly and gradually, (and) in moving said car at all while plaintiff was on said footboard and without allowing him a reasonable time within which to reach a place of safety on said car." The first of these two charges is evident-

ly a repetition of the charge already made as above set out. For the only means of starting the car or controlling its movements to which the petition makes any reference is through the effort of the gripman. There is evidence, however, having a tendency to show that the action of the car, especially as to jerks and suddenness of movement, could result from causes independent of the action of the gripman. Among these were "taking up of slack" in the cable rope, and the rope slipping on the "drum" at the power house. It is probable that such evidence caused plaintiff to be led into error in an instruction which he asked and obtained of the court. According to a long line of precedents in the Supreme and Appellate courts, the particular negligence charged cannot be changed or enlarged upon by the instructions. [Heinzle v. Railroad, 182 Mo. 528; Koenig v. Railroad, 173 Mo. 698; Bartley v. Railroad, 148 Mo. 140.]

Plaintiff's first instruction submits two hypotheses of negligence, one that the gripman started the car by a sudden jerk or forward movement, and one by increasing the speed of the car with a sudden jerk or forward movement. The sudden movement of a cable car from carelessness in starting, and a sudden lunge forward increasing the speed while running, are two different classes of acts and require different preparation of defense. Making one of these an issue when it has not been alleged could well leave a defendant unprepared to meet such a state of case. There are, perhaps, many unavoidable or excusable causes for a suddenly accelerated movement of a cable car already in motion; when, perhaps, no excuse could be found for starting a car suddenly and violently.

It is, however, suggested that instructions given for defendant cure whatever was wrong in that instruction. We do not think so. The best that can be said of an instruction for a plaintiff saying, you may; and one for a defendant saying, you shall not, is a strong ten-

dency to confuse. It is quite certain no one can say which the jury followed.

In response to defendant's contention that there was no case made for the jury and that its demurrer to the evidence should have been sustained, we have examined the record and find that the trial court properly overruled the demurrer.

The judgment will be reversed and the cause remended.

### ON REHEARING.

JOHNSON, J.—The above opinion, written by EL-LISON, J., was filed at a former term of court. A rehearing was granted and the cause re-submitted. A re-examination of the record and briefs of counsel convinces us that we properly disposed of the questions involved and, therefore, that the former opinion should be adopted as the expression of our present view of the case.

Accordingly the judgment is reversed and the cause remanded. All concur.